**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JERRY CANFIELD, | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:19-cv-254-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jerry Canfield, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On February 22, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Applying *Sandin v. Conner*, 515 U.S. 472, 484 (1995), Judge Mitchell determined that the punishments imposed upon Petitioner did not implicate any constitutionally protected liberty interests, noting that Texas prisoners have no protected interest in educational courses. The fact that Petitioner may remain liable for the tuition charged does not implicate the validity of the disciplinary case or show any basis for

habeas corpus relief. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 21. Petitioner objected. Docket No. 25.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner argues that: (1) he was denied due process because there was no evidence or insufficient evidence to sustain the finding of guilt; (2) his removal from college was the direct result of the disciplinary case because of a TDCJ rule requiring that prisoners have no major disciplinary cases for one year to attend college; (3) the loss of his tuition money is a due process violation; and (4) he is entitled to a certificate of appealability.

Petitioner's objections are without merit. The Report correctly states that the punishments imposed did not implicate a protected liberty interest—that is, Petitioner was not entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), or *Sandin*, 515 U.S. at 484. As the Report explained, attending college is not a protected liberty interest. *Ketzel v. Trevino*, 264 F.3d 1140, 1140 (5th Cir. 2001). The fact that Petitioner remained liable for the tuition likewise does not implicate a liberty interest. *See Sullivan v. Director, TDCJ*, 2017 WL 3086779

(E.D.Tex. 2017) (fact that the petitioner still had to repay the tuition from his college classes after being removed from college over a disciplinary case did not set out a basis for habeas corpus relief). Finally, Petitioner has not shown any basis upon which a certificate of appealability should issue.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 25) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 21) as the opinion of the District Court. This petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **28th** day of **July, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE